```
RANDY S. GROSSMAN
United States Attorney
MICHAEL G. WHEAT
SANDOR A. CALLAHAN
Assistant U.S. Attorneys
California State Bar No. 118598/318200
880 Front Street, Room 6293
San Diego, California 92101-8893
(619) 546-8438
michael.wheat@usdoj.gov
sandor.callahan@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TORRENCE IVY HATCH,<br>　　aka "Boosie,"<br>　　aka "Lil Boosie,"<br>　　aka "Boosie Badazz,"<br><br>　　　　Defendant. | Case No. 23CR1201-CAB<br><br>UNITED STATES'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY<br><br>Date: July 28, 2023<br>Time: 10:30 a.m. |

I

STATEMENT OF THE CASE

The United States incorporates the facts summarizing the offense set forth in the complaint and motion to revoke conditions of stay. ECF Nos. 1 and 22.

On June 21, 2023, a federal grand jury sitting in the Southern District of California returned an indictment charging Defendant TORRENCE IVY HATCH ("HATCH" or "Defendant") with being a Felon in Possession of a Firearm and Ammunition,

in violation of Title 18, U.S.C., Sec. 922(g)(1). Preliminary records checks revealed that HATCH has at least two felony convictions in 2011, including bringing illegal contraband to a penal institution and possession of a controlled substance with intent to distribute.

This case arises from an *Instagram* live story where HATCH was seen live on video with a black firearm tucked in the back waistband of his pants. HATCH was later stopped in a vehicle and a black handgun matching the description of the firearm in the video was found in the backseat of the vehicle. HATCH was arrested and taken into custody. HATCH now seeks dismissal and argues that § 922(g)(1) violates his Second Amendment right to keep and bear arms. *See* ECF No. 37.

II

RESPONSE TO HATCH'S MOTION TO COMPEL DISCOVERY

The United States has produced 177 pages of discovery, including multiple videos and text transcripts—containing arrest reports, criminal-history repots, copies of booking documents, video surveillance, videotaped post-arrest statements, and photographs.

The United States acknowledges its continuing obligation to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); the Jencks Act; and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates. With respect to Defendant's request for "all recorded communications between the United States Attorney's Office and its agents and the San Diego County District Attorney's Office

and its agents relating to Mr. Hatch," ECF No. 38, the United States objects to this request as immaterial, overbroad, and vague. Fed. R. Crim P. 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2).

In this case, the Grand Jury made an independent determination of probable cause and returned an indictment charging HATCH with a Felon in Possession of a Firearm and Ammunition, in violation of Title 18, U.S.C., Sec. 922(g)(1). Defendant makes speculative and unfounded assertions of what may, or may not, have occurred prior to his Federal Grand Jury's indictment. What's more, the San Diego County District Attorney's charging decisions regarding HATCH, or any communications with federal prosecutors regarding HATCH have no bearing on the indictment returned by the Grand Jury.

The Ninth Circuit has also denied discovery requests under similar circumstances. *See, e.g., United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (denying defendant's discovery request that sought to produce records from a task force on gun violence that included federal prosecutors and state deputy district attorneys regarding alleged collusion by federal authorities); *see also United States v. Lucas*, 841 F.3d 796, 806 (9th Cir. 2016).

"Several courts have also held that interagency communications, including emails, fall within this [Rule 16] exception and need not be produced." *United States v. Pulido-*

*Avina*, 2022 WL 444842, at *2 (C.D. Cal. Feb. 14, 2022). *See, e.g., Gollaher v. United States*, 419 F.2d 520, 527-28 (9th Cir. 1969) (holding intra-agency communications were not subject to inspection by defense); *United States v. Wilson*, No. 04-cr-00476-SJO, 2017 WL 11489965, at *4 (C.D. Cal. Dec. 4, 2017) (holding emails exchanged by FBI agent while she investigated the defendant and related to protected decisions by the government regarding its investigation and when and how to prosecute the case were not discoverable); *United States v. Lambus*, No. 20-cr-15382-JBW-MDG, 2016 WL 4536867, at *2 (E.D.N.Y. Aug. 30, 2016) ("Rule 16(a)(2) protects from disclosure emails, notes, reports and memoranda made by government agents during the course of an investigation or prosecution."); *United States v. Williams*, No. 13-cr-00764-WHO-1, 2015 WL 13359890, at *3 (N.D. Cal. June 23, 2015) ("If all letters or emails between law enforcement agencies concerning investigations were required to be produced, it would negatively impact public safety and the ability of those agencies to communicate effectively. Courts deny requests for communications between law enforcement agencies as not material or, assuming materiality, as protected under Federal Rule of Criminal Procedure 16(a)(2).").

Defendant requests attorney work product in discovery in an attempt to flesh out a deceptive hypothetical theory unrelated to the Grand Jury's decision to indict him. However, "[t]he Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "[S]o long as the prosecutor has probable cause to believe

that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Defendant's conduct leading to his arrest and indictment has been well documented in this Court. *See* ECF Nos. 1 and 22.

Well established authority weighs against Defendant's fishing expedition. Under *Brady*, "prosecutors have a duty to disclose exculpatory material on their own, without a request by the defendant. *Brady* material includes evidence that would help to impeach a prosecution witness." *Randolph v. People of the State of Cal.*, 380 F.3d 1133, 1148 (9th Cir. 2004) (emphasis added). "This responsibility [also] includes the duty required by *Giglio* to turn over to the defense in discovery all material information casting a shadow on a government witness's credibility." *United States v. Bernal-Obeso*, 989 F.2d 331, 334 (9th Cir. 1993) (emphasis added). However, "*Brady* is not a pre-trial discovery tool." *United States v. Diaz*, 2005 WL 1575191, at *2 (N.D. Cal. June 30, 2005). From *Brady*, "there is no reason to suppose that the Supreme Court…meant to announce a revolutionary doctrine requiring the prosecution to prepare the case for the defense." *United States v. Gleeson*, 264 F. Supp. 880, 884 (S.D.N.Y. 1967).

As the Supreme Court has explained, *Brady* does not permit a defendant to sift through information held by the government to determine materiality:

> A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held ... that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under Brady, it is the State that decides which information must be disclosed. . . . Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance.

*United States v. Richie*, 480 U.S. at 59-60; see *also United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (The United States "need not comb the files of every federal agency which might have documents regarding the defendant."). "Brady does not establish a 'duty to provide defense counsel with unlimited discovery of everything known by the prosecutor'" nor does "mere speculation about materials in the government's files" require the district court to make those materials available or conduct an in-camera review. *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir.1986).

//
//
//
//
//
//

# III
## CONCLUSION

The Court should deny HATCH's motion to compel discovery.

Dated: July 21, 2023.                Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*Michael G. Wheat*
*Sandor A. Callahan*
MICHAEL G. WHEAT
SANDOR A. CALLAHAN
Assistant U.S. Attorneys