UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TORRENCE IVY HATCH,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-CR-1201-CAB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Doc. No. 37] |

　　　　In the Indictment [Doc. No. 18], Defendant Torrence Ivy Hatch is charged with violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for persons convicted of felonies to possess firearms.  Defendant now moves to dismiss the indictment on the grounds that 18 U.S.C. 922(g)(1) is unconstitutional under the Second Amendment following the United States Supreme Court's opinion in *New York St. Rifle and Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022).  The government has opposed the motion, and the Court has taken the motion under submission.

　　　　This is not the first time the constitutionality of Section 922(g)(1) in light of *Bruen* has been raised in this district or even before this Court.  The Ninth Circuit, however, has held that section 922(g)(1) is constitutional as applied to a convicted felon.  *See United States v. Vongxay,* 594 F.3d 1111, 1118 (9th Cir. 2010) (holding "that § 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon.").  Repeatedly,

judges here, including the undersigned, have held that *Vongxay* remains binding authority after *Bruen*. *See, e.g., United States v. Hill*, 629 F. Supp. 3d 1027, 1030 (S.D. Cal. 2022) ("*Bruen* did not 'effectively overrule' *Vongxay* and this Court is bound by *Vongxay* and its progeny."); *see also United States v. Perez*, No. 3:21-CR-508-CAB-1, 2022 WL 17484969, at *2 (S.D. Cal. Sept. 26, 2022) (adopting conclusions from *Hill* "that binding Ninth Circuit precedent was not overruled by the *Bruen* decision" and that "the federal felon-in-possession law does not violate the Second Amendment.").

Nothing in Mr. Hatch's motion persuades this Court that these holdings are incorrect or that the Court otherwise has the right to disregard binding Ninth Circuit precedent here. Accordingly, because the Ninth Circuit has held that section 922(g)(1) does not violate the Second Amendment, and because *Bruen*'s "reasoning is far from being 'clearly irreconcilable' with Ninth Circuit authority upholding felon-in-possession laws as constitutional," *Walker v. Bonta*, No. 20-CV-00031-DMS-AGS, 2023 WL 2815356, at *3 (S.D. Cal. Apr. 6, 2023), this Court must also hold that section 922(g)(1) does not violate the Second Amendment. Mr. Hatch's motion to dismiss is therefore **DENIED**.

It is **SO ORDERED**.

Dated: August 7, 2023

Hon. Cathy Ann Bencivengo
United States District Judge