The Law Office of Damon Alimouri
Damon Alimouri, Esq.
State Bar Number: 308453
595 E Colorado Blvd. #335
Pasadena, CA 91101
Phone: (626) 314-3595
Fax: (626) 270-4377
da@da-lawoffice.com

The Law Offices of Meghan Blanco
Meghan Annette Blanco, Esq.
State Bar Number: 238171
Laguna Niguel, CA 92677
Phone: (800) 610-1900
Fax: (949) 606-8988
mblanco@MeghanBlanco.com

Attorneys for Defendant
Torrence Hatch

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>TORRENCE HATCH<br><br>　　　　Defendant. | Case No.: 3:23-cr-01201-CAB<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

## I.
## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY

Mr. Hatch, by and through undersigned counsel, is requesting that this Honorable Court compel the United States Attorney's Office to produce all recorded communications between the United States Attorney's Office and/or its agents, and the San Diego County District Attorney's Office and/or its agents as it relates to the prosecution of Mr. Hatch. These recorded communications would serve two purposes for the defense of Mr. Hatch, one being that the investigation into Mr. Hatch was shoddy and unreliable, and the second being that the current

1  prosecution of Mr. Hatch is the result of prosecutorial vindictiveness, and as such, a violation of
2  Mr. Hatch's due process rights.

3  **A. THE REQUEST IS NOT VAGUE**

4  The Government has objected to Mr. Hatch's request for discovery as being immaterial,
5  overbroad, and vague. The request is specific. Defendant is seeking all recorded communications
6  between the United States Attorney's Office, to include its agents, and the San Diego County
7  Attorney's offices, to include its agents, regarding the prosecution of Mr. Hatch. As Mr. Hatch
8  has only been charged in San Diego County the one time, this request should not be overbroad or
9  vague. Further, the request is not immaterial, as will be discussed thoroughly.

10  **B. THE DISCOVERY SOUGHT IS DISCOVERABLE UNDER RULE 16**

11  The requested discovery is discoverable under Rule 16(a)(1)(E), which states, "Upon a
12  defendant's request, the government must permit the defendant to inspect and to copy or
13  photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or
14  copies or portions of any of these items, if the item is within the government's possession,
15  custody, or control and the item is material to preparing the defense."

16  The Government argues that the material requested is exempt from discovery by the
17  defendant pursuant to Rule 16(a)(2) of the Federal Rules of Criminal Procedure. In support of
18  this argument, the Government cites to *United States v. Zone*, 403 F.3d 1101 (9th Cir. 2005). In
19  *Zone*, the defendant filed a motion to compel discovery of weekly meeting notes from a task
20  force composed of federal and state agencies wherein the agencies would discuss and coordinate
21  participants' activities in the task force to end gun violence. In each case where federal and
22  county prosecutors both claimed jurisdiction over a gun-related offense, the task force would
23  make a strategic decision where to prosecute it.

24

In *Zone*, the defendant was requesting the discovery to support his claim under the Double Jeopardy Clause, pursuant to *Bartkus v. People of State of Ill.,* 359 U.S. 121, 79 S. Ct. 676, 3 L. Ed. 2d 684 (1959). The Ninth Circuit Court of Appeals affirmed the district court's denial of defendant's request for the meeting notes, not because they were exempt under Rule 16(a)(2), but because the defendant failed to satisfy the requirements of Rule 16(a)(1)(E). "To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." *United States v. Zone*, 403 F.3d 1101, 1107 (9th Cir. 2005), citing to *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990). The court reasoned that because the defendant failed to make a prima facie showing that the federal and state agencies colluded, rather than merely cooperated together.

Another case the government cited in support of their argument that Rule 16(a)(2) exempts the requested materials from being discoverable was *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016). The facts of *Lucas* are similar to those in *Zone*, and so is the holding. The defendant in *Lucas* was arrested and charged and tried in California state court and convicted of being a felon in possession of a firearm. Days before his sentence in state prison concluded, the federal government filed charges stemming from the same act. The defendant filed a motion to compel discovery of, amongst other items, "all letters, emails, memoranda or other existing documentation showing the point at which federal authorities became aware of the state prosecution against Mr. Lucas and what communications occurred between federal and state authorities, when they occurred and who initiated them...." in order to show that the federal and state agencies colluded in the prosecution of him. 841 F.3d at 801 (9th Cir. 2016). The Ninth Circuit Court of Appeals held that the defendant in *Lucas* could not get the requested materials because he did not make a material showing as required under Rule 16(a)(1)(E).

The *Lucas* court held, "Subject to the exemptions described in Rule 16(a)(2), Rule 16(a)(1)(E) requires that, upon a defendant's request, the government must disclose any documents or other objects within its possession, custody or control that are material to preparing the defense." 841 F.3d at 804. "To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." *Ibid.*, citing to *Zone*, *supra*.

The "low threshold" of materiality is satisfied if the information requested would help the defendant prepare a defense. 841 F.3d at 804, citing to *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the government is in possession of information helpful to the defense." 841 F.3d at 804, citing to *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). However:

> A defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be. The relevant subsection of Rule 16 is written in categorical terms: Upon defendant's request, the government must disclose any documents or other objects within its possession, custody or control that are "material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E)(i). Unlike the preceding and subsequent subsections, which both require that "the government knows—or through due diligence could know—that the" item exists… subsection (E) is unconditional. Lack of knowledge or even a showing of due diligence won't excuse non-compliance.

*United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). "It thus behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case." *Id*. at 768–69, citing to *United States v. Leal–Del Carmen,* 697 F.3d 964, 969 n. 4 (9th Cir.2012); Editorial, *Beyond the Brady Rule,* N.Y. Times, May 19, 2013, at SR10.

In *United States v. Ghailani*, 687 F. Supp. 2d 365, 366 (S.D.N.Y. 2010), an alleged member of Al Qaeda was indicted in 1998 and charged with conspiring with Usama Bin Laden

and others to kill Americans abroad. An arrest warrant promptly issued and some years later, the defendant was captured abroad and turned over to the Central Intelligence Agency ("CIA"). *Id*. Rather than execute the arrest warrant issued at the time of the indictment, the executive branch held Ghailani in CIA custody. *Id*. Much later, he was transferred to secure facilities at the United States naval base at Guantanamo Bay, Cuba, where he remained until he was turned over to civilian authorities in June 2009 and presented pursuant to the warrant. *Id*.

Ghailani filed a motion to dismiss the indictment based on violations of his Sixth Amendment right to a Speedy Trial. *Id*. To assist in his defense and ultimate dismissal of the indictment, the defendant filed a motion to compel the discovery of:

> Any and all communications and/or discussions (including, but not limited to, letters, emails, and/or memorandum) between the CIA, the FBI, any other intelligence agency, the Department of Justice (including, but not limited to, the United States Attorneys Office), and the Executive Branch (including, but not limited to, President [Bush and/or Obama, as applicable], Vice–President [Cheney and/or Biden, as applicable], the Attorney General and/or the Secretary of Defense) related to" (1) the decision to transfer the defendant to a CIA black site after his arrest, rather than to the Southern District of New York ("SDNY") for prosecution, (2) the decision to transfer the defendant from a CIA black site to Guantanamo Bay, Cuba, rather than the SDNY for prosecution, (3) the decision to prosecute the defendant in a military commission at Guantanamo Bay, rather than in the SDNY, (4) the decision to prosecute the defendant before an Article I court rather than an Article III court, (5) the decision to prosecute the defendant in the SDNY rather than in a military commission, and (6) the decision to prosecute the defendant before an Article III court rather than an Article I court.

687 F. Supp. 2d at 367–68. The defense later narrowed that request to:

> [R]esponsive documents that are "in the possession, custody, or control of the Department of Justice and that indicate that the Government's 'reason for delay' of Mr. Ghailani's instant prosecution was a reason other than the interests of national security as described more fully in the Government's Response to Defendant's Speedy Trial motion."

*Id*. at 368.

The United States Southern District Court of New York found that:

> [A]ny communications among pertinent government agencies and officials tending to indicate that the 'reason for delay' in prosecuting Ghailani on this indictment was other than the interests of national security described in the government's response would be material to the defense because they would undermine the government's speedy trial motion position as to the reason for delaying this prosecution.

*Id*. at 369. The court held that Rule 16(a)(1)(E) required that the government disclose the documents to the defense, and that if the government claimed that any responsive documents required to be produced by the decision were protected from disclosure by Rule 16(a)(2), it was to serve and file a log enumerating these documents and providing the information that would be required by the local rule in respect of documents withheld on grounds of privilege. *Id*. at 372.

However, ""[t]he privilege derived from the work-product doctrine is not absolute." *United States v. Nobles*, 422 U.S. 225, 239, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975); see also 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2022, p. 324 (2d ed.1994) (in civil context, work product "is discoverable only on a substantial showing of 'necessity or justification' ") (quoting *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947)); J. Ghent, Development, Since Hickman v. Taylor, of Attorney's "Work Product" Doctrine, 35 A.L.R.3d 412, 465–469, § 25 (1971) (in civil context, work-product protection is not absolute, but is a "qualified privilege or immunity.").

The Advisory Committee's Notes make clear that the Committee believed that other rules of law may authorize or require discovery not mentioned in the Rule. *See*, e.g., Advisory Committee's Notes on Rule 16, 18 U.S.C.App., p. 761 ("[Rule 16] is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases.").

1       Here, Mr. Hatch is claiming prosecutorial vindictiveness as part of his defense. Mr.
2  Hatch's motion to compel the discovery of all recorded communications between the United
3  States Attorney's Office and the San Diego County Attorney's Office regarding the prosecution
4  of Mr. Hatch, is material to the defense that Mr. Hatch is being prosecuted vindictively.
5       The facts which tend to show that the government is in possession of information helpful
6  to the defense of prosecutorial vindictiveness are the following: 1) the complete refusal by the
7  San Diego County Attorney's office to make Mr. Hatch an offer on the felon in possession
8  charge in state court (ECF No. 38, Declaration of Damon Alimouri, ¶¶ 7, 9); 2) the San Diego
9  Deputy County Attorney's comments to Mr. Hatch's defense counsel that he had not made an
10 offer to Mr. Hatch because he did not like Mr. Hatch for the reasons that he came into San
11 Diego from another jurisdiction, allegedly committed a crime, and then led his fans in a "fuck
12 the San Diego Police" chant (ECF No. 38, Declaration of Damon Alimouri, ¶¶ 9, 12); 3) Mr.
13 Hatch's defense counsel witnessed the San Diego Deputy County Attorney smugly grin and say
14 to Mr. Hatch, "So long," after Judge Moring offered Mr. Hatch a non-custodial deal (ECF No.
15 38, Declaration of Damon Alimouri, ¶ 13); 4) On the day Mr. Hatch was in state court filling
16 out his change of plea forms, the San Diego County Attorney moved to dismiss the charges
17 against Mr. Hatch, moments before ATF agents arrested Mr. Hatch and charges stemming from
18 the same alleged incident were filed in Federal Court (ECF No. 38, Declaration of Damon
19 Alimouri, ¶¶ 14-15).
20      Mr. Hatch has made the requisite prima facie showing of materiality under Rule
21 16(a)(1)(E), and the Court must compel the Government to make such communications
22 discoverable.
23 //
24

### C. EVIDENCE OF SHODDY INVESTIGATION IS EXCULPATORY EVIDENCE AND MUST BE PRODUCED PURSUANT TO *BRADY*

In its opposition, the government contends that the defense is attempting to utilize *Brady* as a fishing expedition and a pre-trial discovery tool. However, Mr. Hatch has a very narrow request of discovery which he is claiming he is entitled to pursuant to *Brady*.

The request for all communications between the United States Attorney's Office and the San Diego County Attorney's offices relating to of Mr. Hatch should not be extensive, as this present case is the first and only criminal case Mr. Hatch has in San Diego County.

The requirements of due process obligate a prosecutor to disclose material exculpatory evidence. *Singh v. Prunty*, 142 F.3d 1157, 1161 (1999). Favorable evidence is material, and constitutional error results from its suppression by the government, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). Here, the requested discovery is material for two different avenues of relief for the defendant.

If the requested discovery illuminates the hasty course and low quality of the investigation into Mr. Hatch in the present case, then it is material and exculpatory *Brady* material, and as such must be made discoverable to Mr. Hatch. *Kyles v. Whitley*, 514 U.S. 419 (1995).

If the requested discovery reveals prosecutorial vindictiveness, then it is material. A claim of prosecutorial vindictiveness is a claim of a due process violation and there is a reasonable probability that if the evidence is disclosed to the defense, the charges will likely be dismissed.

For these reasons, Mr. Hatch is entitled to the requested discovery under *Brady* and its progeny.

**II.**

**CONCLUSION**

For the foregoing reasons, Mr. Hatch, respectfully requests that the Court compel that the government produce the requested discovery by Mr. Hatch pursuant to the Federal Rules of Criminal Procedure, Due Process and *Brady.*

DATED: October 6, 2023

                                              Respectfully submitted,

                                   By:    //s// Damon Alimouri
                                                  Damon Alimouri
                                                  Attorney for Defendant